EXHIBIT "A"
INMATE APPEAL LOG #
P06 - 01719

(30)

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region  1. PBSP  2.

Log No. PO6-01719

Category 8 10
blood sugar
back problems

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

A1-2231

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| VILLA, JOHN | J38001 | PSU | B-1-108 |

A. Describe Problem: THIS APPEAL IS FILED AS A RESULT OF THE DELIBERATE INDIFFERENCE OF THE PBSP MEDICAL STAFF. IN LESS THAN ONE YEAR, I HAVE BEEN REPEATEDLY FORCED TO ENDURE CRUEL AND UNUSUAL PUNISHMENT AT THE HANDS OF A WANTON AND CONVIRANT MEDICAL DEPT. THE CDCR MEDICAL DEPT. AS A WHOLE HAS BEEN DEEMED UNFIT AND UNSAFE, NECESSITATING THE OVERSIGHT OF A FEDERAL RECEIVERSHIP. EXHIBIT "A" OF THIS APPEAL GIVES A LIST OF MY SUFFERING, ESTABLISHING A CLEAR PATTERN OF DELIBERATE INDIFFERENCE. I HAVE BEEN FORCED TO FILE 602's JUST TO RECEIVE TREATMENTS, OR UNDERGO TESTS. I AM A CHRONIC CARE PATIENT WITH A HISTORY OF HEART DISEASE, HEART ARRYTHMIA, AND SCOLIOSIS. YET EITHER IGNORED, UNTREATED, OR MISTREATED. I HAVE BEEN FOUND TO HAVE LOW BLOOD SUGAR, BUT LIED TO ABOUT IT, AND DENIED TREATMENT.

PLEASE SEE EXHIBIT "A" ATTACHED.

If you need more space, attach one additional sheet.

B. Action Requested: THAT MY BLOOD SUGAR BE CHECKED AND PROPER TREATMENT PUT IN EFFECT. THAT MY BACK BE X-RAYED AND PROPER TREATMENT PUT IN EFFECT. THAT I RECEIVE COPIES OF MY May.06, BLOOD TESTS, THAT A COPY OF THIS APPEAL BE PLACED IN THE PERSONNEL FILE OF ALL NAMED WITHIN THIS APPEAL. THIS APPEAL SERVES AS NOTICE THAT THIS APPEAL AND IT'S ISSUES RAISED MAY BE PURSUED IN A CIVIL ACTION SEEKING PUNITIVE & COMPENSATORY DAMAGES

Inmate/Parolee Signature: _____    Date Submitted: 6-20-06

C. INFORMAL LEVEL (Date Received: 06/21/06 )

Staff Response: Partially Granted, you have been placed on line mult visits. We are ordering Glucose tested testing. Time in question yr were told to Report changes or No changes to Medical staff which you did NOT. You Also well have mult Follow ups with regaurd to your Chronic eustasea tube Depse

Staff Signature: _____ RN    Date Returned to Inmate: 8/2u/06

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

THE INFORMAL RESPONSE STATES I DIDNT NOTIFY MEDICAL STAFF OF PROBLEMS I HAD FROM THE LIPITOR. THE TRUTH IS, I NOTIFIED RN FOWLER VERBALLY, AND IN WRITTING. I HAVE SUBMITTED AN INMATE REQUEST FOR INTERVIEW AS PROOF. PBSP MEDICAL HAS JEOPARDIZED MY HEALTH BY TAKING ME OFF CHOLESTEROL MEDS, THEN PUTTING ON MEDICATION I HAD A BAD HISTORY WITH, IGNORING MY PROTEST.

Signature: _____    Date Submitted: 7-12-06

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

**NOTE** INFORMAL LEVEL RESPONSE WAS GIVEN TO ME ON 7-7-06, NOT WHATEVER DATE IS SCRIBBLED ON THE "DATE RETURNED"

JUL 17 2006
ON.
2ND/HCM.
AUG 2 8 2008

31

First Level     ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __7/17/06__     Due Date: __8/28/06__

Interviewed by: _____

_____ See attached typed response _____

Staff Signature: __Khawho~~~__     Title: __M. D__     Date Completed: __8/22/06__

Division Head Approved: __MC Sayne__

Signature: _____ Title: __CMO__     Returned _____ Date to Inmate: __8/23/06__

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

I HAVE LOST SOME HEARING DO TO PBSP MEDICAL STAFF DELIBERATE INDIFFERENCE. THE FAILURE TO PROPERLY TREAT MY EAR INFECTION CAUSE MY SINUS INFECTION, NOT THE OTHER WAY AROUND. I DID SUFFER SOME DAMAGE TO MY LIVER DUE TO PBSP MEDICAL STAFF DELIBERATE INDIFFERENCE. PBSP MEDICAL STAFF INTENTIONALLY FALSIFIED MY GLUCOSE TEST AND DELIBERATELY LIED, SAYING I NEVER NOTIFIED MEDICAL STAFF ABOUT MY SUFFERING. I HAVE BEEN W/OUT CHOLESTEROL MEDS. SINCE 8-19-06.

Signature: _____ Date Submitted: __8-24-06__

Second Level     ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: __8/28/06__     Due Date: __9/26/06__

☐ See Attached Letter

Signature: _____ Date Completed: __10-2-06__

Warden/Superintendent Signature: __Maureen McChen HCM__     Date Returned to Inmate: __10/12/06__

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

PBSP MEDICAL STAFF, AND OFFICIALS INVESTIGATING THIS APPEAL CAUSED ME SOME DAMAGE TO MY HEARING, AND, I WAS ALSO MADE TO SUFFER THROUGH A "SINUS" DRUG AND DID SUFFER SOME LIVER DAMAGE. SHU DR. LINDA ROWE VIOLATED NUMEROUS CONSTITUTIONAL RIGHTS WHEN SHE CANCELLED MY NIACIN UPON MY ARRIVAL TO PBSP, AND FAILED TO PRESCRIBE ANY OTHER TREATMENT. I HAVE A HISTORY OF HIGH CHOLESTEROL, HIGH BLOOD PRESSURE AND IRREGULAR HEART BEAT. DR. ROWE INTERFERED WITH MY TREATMENT, DENIED ME ANY TREATMENT FOR MY CHOLESTEROL ( PLEASE SEE PAGE TITLED "EXHIBIT B" )

Signature: _____ Date Submitted: __10-15-06__

For the Director's Review, submit all documents to:   Director of Corrections
           P.O. Box 942883
           Sacramento, CA 94283-0001
           Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

☒ See Attached Letter

CDC 602 (12/87)

DEC 1 3 2006

Date: _____

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE 4-25-06 | TO PSU MEDICAL | FROM (LAST NAME) VILLA | CDC NUMBER J38001 |
|---|---|---|---|

| HOUSING B1 | BED NUMBER 108 | WORK ASSIGNMENT | JOB NUMBER FROM — TO |
|---|---|---|---|

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)    ASSIGNMENT HOURS   FROM — TO

### Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I Was Placed On A Low Dose Of Lipitor To See How My Body Would React... I Am Not Experiencing Any Muscle Pain Or Weakness, But, I am Having Some Reactions... My Right Side, Liver/Gallbladder Area, Feels Tight & A Little Uncomfortable. Also, I'm Having Alot Of Gas. I've Continued Taking The Medication, Hoping These Things Would Go Away, So Far They Haven't.

**Do NOT write below this line.  If more space is required, write on back.**

| INTERVIEWED BY V. Fowler, rn | DATE 4/27/06 |
|---|---|

DISPOSITION You are scheduled with MD this week

(32)

EXHIBIT 'A'.

July, 2005: I Arrived At PBSP-SHU, And The Medical Dept. Cancelled My Cholesterol Medication (Niacin) Eventhough I Have A History Of Heart Disease And Irregular Heart Beat... A Non-Fasting Blood Test Was Taken, The Results Showing The Niacin Was Working As My Non-Fasting Cholesterol Level Was 205.

Oct. 2005: Blood Tests Were Ordered.

Feb. 2006: I Filed An Inmate Appeal Due To The Medical Staffs Refusal To Draw My Blood For Tests Ordered 4 Months Earlier... From Feb. To March, 2006, I Was Pulled Out Of My Cell At Least 4 Times For Blood Draws. RN Senior Poked Numerous Holes In My Hands And Feet, But Do To A Lack Knowledge Or Training, Could Not Draw Blood From Me, Or Almost Any Other Patient.

Feb. 2006: I Complained About An Ear Infection. RN Allison Placed Me On Nasal Spray As Treatment For Ear Infection... My Ear Infection Worsened And I Was Given Oral Antibiotics For Approximately 5 Days. I Was Not Seen For Approximately 2 Weeks, And When I Was Finally Seen, My Ear Infection Had Worsened. I Was Placed On Antibiotics Which I Had An Allergic Reaction To.

Mar. 2006: My Blood Was Drawn By Psych. Tech. Martino.

Apr. 2006: My Test Results Come Back. Dr. Sweeny Informs Me That The Only Things Wrong With The Results Is: My Cholesterol And Triglycerides Are Very High. My Total Cholesterol Was Now 297. I Explained To Dr. Sweeny That The Elevation Of My Cholesterol Was Due To My Denial Of Cholesterol Medication In July, 2005. Dr. Sweeny And I Discussed Treatment, I Made It Clear To Dr. Sweeny That I Could Not Take Any "Statin" Drugs As I Had A Bad Experience With Them In The Past, And For That Reason Was Placed On Niacin. Dr. Sweeny Ignored My Past History And My Concerns, Placing Me On Lipitor, A Statin Drug... From The First Day, My Body Had A Negative Reaction. I Complained And Was Seen By Dr. Jain. Dr. Jain Told Me To Keep Taking The Lipitor, And Let Staff Know If I Felt Worse. On 4-25-06 I Sent The Medical Dept. A Request For Interview, Letting Them Know I Was Having Problems, Then

On 4-26-06 RN Fowler came into my housing section. I tried to speak to her, but she refused to speak to me. I then yelled out of my door to her, "The doctor said to let you know if I'm having problems and I'd be seen. Since you won't even come to my cell, tell the doctor I can't handle this medication, it's tearing me up, and I will not take it anymore." RN Fowler lied, telling me I'd be seen by Dr. Jain on 4-27-06. Which I wasn't... I also requested in a different request for interview, to be given a copy of my March blood tests. RN Fowler refused to do so. I did not receive my results until I filed an inmate appeal.

May, 2006: New blood tests were taken, which showed liver damage due to the Lipitor. Again, Medical staff ignored my medical history, and even failed to do simple liver tests to make sure taking Lipitor would be safe. I was then placed back on Niacin... Also, my copies of my March, 06 blood tests were given to me, eventhough Dr. Sweeny said only my cholesterol and triglycerides were out of range, the results actually show that 8 other results were out of range... I was also found to have an ear infection in both ears, given ear drops, but again, not followed up to make sure the infection was gone.

June, 06: On 6-9-06, my back gave out on me. I suffer from scoliosis and this medical staff has failed to even annually x-ray my back, eventhough it was this medical dept. who diagnosed me with scoliosis in 1999. When my back went out on 6-9-06, later that night RN Allison was 3 cells from my cell, yet refused to come to my door when I told her I needed to see her. I was left in excruciating pain, bed ridden, and, eventhough I sent in a medical request form on 6-13-06, and, psychologist Costiloe informed medical staff of my back problem on 6-13-06. I have been ignored and left to suffer for 11 days and counting.

*Note* RN Fowler erroneously charged me $5 for a renewal of medication I've been on since Feb. for a pre-existing condition. She has failed to provide me with a receipt, making it impossible to file an inmate appeal.

(34)

"EXHIBIT B"

Which directly leads to my cholesterol and triglycerides to become dangerously high. The refusal by Dr. Rowe to treat my cholesterol leads to Dr. Swiney's violation of my rights by placing me on a "statin" drug eventhough I told her I was on Niacin because I'd had complications with "statins" in the past. It is true that when Dr. Jain saw me, I was already on Lipitor, but, at that initial meet with Dr. Jain, I explained to her that I was experiencing discomfort and wanted to be put back on Niacin as I already knew I couldn't handle "statins." Dr. Jain advised me to keep taking the Lipitor, and my blood would be drawn in a couple days. I told Dr. Jain my preference was Niacin but, due to my cholesterol level being so high, and Dr. Jain making it clear she wouldn't offer an alternative treatment, I'd try to take the Lipitor, but didn't know if I could much longer. Dr. Jain told me to try; and, if the symptoms got worse to notify staff. I notified RN Fowler in writing, and verbally that I could no longer tolerate the Lipitor. The last time I took Lipitor was, 4-26-06. My liver was checked 6 days later. RN Fowler refused to see me, or notify Dr. Jain of my complaints. My blood was drawn on 3-29-06 (non-fasting) and again on 3-30-06. Both tests showed an elevated liver enzyme level due to an allergic reaction to antibiotics. Dr. Swiney also ignored those results and put me on Lipitor. Dr.'s Rowe, Swiney, Jain, and RN Allison Rochuba have failed to properly treat an ear infection I've now had for a year. PBSP staff are erroneously claiming in this response that my ear problem is related to my sinuses. It is my right ear that has been causing me the most problems; headache, ringing, vertigo, pain, and impaired hearing. The sinusitis was found in my left sinus, not my right sinus. The audiologist ordered on 7-06 that I be seen by an ear nose throat specialist. Three months later, I've yet to be seen, and PBSP medical refuse to treat my current ear infection until I'm seen by the specialist.

(35)



## FIRST LEVEL SUPPLEMENTAL PAGE
First Level Reviewers Response


<u>RE</u>:   **PELICAN BAY STATE PRISON**

Appeal Log #: **PBSP-P-06-01719**
Inmate Name: **VILLA / J38001**


**APPEAL DECISION: PARTIALLY GRANTED**


**APPEAL REQUESTS:** You are requesting the following.
1.  You ask that your blood sugar be checked and proper treatment be put in effect.
2.  You ask for a back X-ray.
3.  You as to receive copies of your May 2006 blood tests.
4.  You ask that a copy of this appeal be place into the personnel file of each of the persons named in this appeal, and that it serve notice that this appeal and its issues raised may be pursued in a civil action seeking punitive and compensatory damages.

**FINDINGS:** Your appeal with the attachments and your requested action has received careful consideration. I, B. Jain, M.D., was assigned to review your appeal. I addressed most of your issues at your medical appointment on July 5, 2006. Your interview for this appeal was done August 17, 2006 at another medical appointment. You told me you were treated with lipitor even when you told the provider that you had a bad reaction to it and that has caused liver damage. When I saw you, you were already on lipitor and you were to have labs done in a few days. I told you if you were not having too much problem with the lipitor that we should wait a few days until your labs were done and you agreed. You liver function was slightly elevated and your lipitor was changed to niacin, which you have been tolerating. Your last three lipid profiles were done May 2, 2006, June 22, 2006, and August 3, 2006, and you have another one scheduled for later this month. Your liver function test done August 3, 2006 shows your liver function is within range and I ordered another one to be done. You were told you have scoliosis and a hand out for back exercises has been ordered for you. You said you wanted to get another glucose test done because the last one was done in 3 hours, not in one or two hours, and I ordered a one-hour glucose test for you. You had a problem with your ears that was most likely related to sinus problems and you were treated for that, but the problem is continuing. Your sinus X-ray done July 10, 2006, showed you have sinusitis. An audiogram, done July 10, 2006, showed no significant hearing loss. I ordered levaquin 500 mg tablets, nasonex nasal spray, and a chrono to allow you to keep your inhaler and nasal spray in your cell. You also have a current prescription for Deep Sea .65% nose spray that you can request to use up to three times a day as needed. You have a follow-up appointment pending. To request copies of any of your medical records, submit a request to Medical Records, on an Inmate Request for Interview (GA-22) form. Your requests for a copy of this appeal to be placed in any staff personnel file of is beyond the scope of the appeal; however, a copy of this appeal will be placed in your central file.

**DETERMINATION OF ISSUE:** A thorough review of your requests presented in this complaint has been completed. Based on this review, the actions requested to resolve the appeal are partially granted.


_Shawna Jain_      _8/22/06_
B. Jain, M.D.           Date
Primary Care Provider


_MC Sayre_      _8/22/06_
M. Sayre, M.D.       Date
Chief Medical Officer


(31)

SECOND LEVEL APPEAL RESPONSE

RE:    PELICAN BAY STATE PRISON
       Appeal Log: PBSP-P-06-01719
       Inmate: VILLA, J38001

Maureen McLean, FNP, Health Care Manager at Pelican Bay State Prison (PBSP) reviewed this
matter. Joseph Kravitz, Health Program Coordinator conducted the Appeal at the Second Level
of Review on October 2, 2006.

**APPEAL ISSUE:** You are requesting the following.
1. You ask that your blood sugar be checked and proper treatment be put in effect.
2. You ask for a back X-ray.
3. You as to receive copies of your May 2006 blood tests.
4. You ask that a copy of this appeal be place into the personnel file of each of the
   persons named in this appeal, and that it serve notice that this appeal and its issues
   raised may be pursued in a civil action seeking punitive and compensatory damages.

Your appeal with the attachments and your requested action has received careful consideration.
B. Jain, M.D., was assigned to review your appeal. She addressed most of your issues at your
medical appointment on July 5, 2006. Your interview for this appeal was done August 17, 2006
at another medical appointment. You told her you were treated with lipitor even when you told
the provider that you had a bad reaction to it and that has caused liver damage. When Dr. Jain
saw you, you were already on lipitor and you were to have labs done in a few days. She told you
if you were not having too much problem with the lipitor that we should wait a few days until
your labs were done and you agreed. Your liver function was slightly elevated and your lipitor
was changed to niacin, which you have been tolerating. Your last three lipid profiles were done
May 2, 2006, June 22, 2006, and August 3, 2006, and you have another one scheduled for later
this month. Your liver function test done August 3, 2006 shows your liver function is within
range and I ordered another one to be done. You were told you have scoliosis and a hand out for
back exercises has been ordered for you. You said you wanted to get another glucose test done
because the last one was done in 3 hours, not in one or two hours, and Dr. Jain ordered a one-
hour glucose test for you. You had a problem with your ears that was most likely related to sinus
problems and you were treated for that, but the problem is continuing. Your sinus X-ray done
July 10, 2006, showed you have sinusitis. An audiogram, done July 10, 2006, showed no
significant hearing loss. Dr. Jain ordered levaquin 500 mg tablets, nasonex nasal spray, and a
chrono to allow you to keep your inhaler and nasal spray in your cell. You also have a current
prescription for Deep Sea .65% nose spray that you can request to use up to three times a day as
needed. You have a follow-up appointment pending. To request copies of any of your medical
records, submit a request to Medical Records, on an Inmate Request for Interview (GA-22) form.
Your requests for a copy of this appeal to be placed in any staff personnel file of is beyond the
scope of the appeal; however, a copy of this appeal will be placed in your central file.

A thorough review of your requests presented in this complaint has been completed. Based on
this review, the actions requested to resolve the appeal are partially granted.

**FINDINGS:** A review of your appeal has been completed. Your appeal with the attachments
and your requested action has received careful consideration. I, M. McLean, FNP, Health Care
Manager, was assigned to investigate your allegations. Joseph Kravitz, Health Program
Coordinator, reviewed your medical file and responses on October 2, 2006. Your laboratory
tests were discussed with you at your last medical visit on September 19, 2006. It was explained

(38)

PBSP-P-06-01719
VILLA, J38001

to you at that visit that your blood glucose levels were normal. Your liver enzymes are within normal range. Also, during that visit, your medication for your elevated cholesterol levels was changed. You are being followed on a regular basis for your medical issues and are receiving appropriated care. As stated above in the first level answer this appeal will be placed in your central file per policy.

**DECISION:** The Appeal is partially granted.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

_____   10-2-06
Joseph Kravitz        Date
Health Program Coordinator

_____   10/6/06
Maureen McLean, FNP        Date
Health Care Manager

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **DEC 1 3 2006**

In re:    Villa, J-38001
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 064623          Local Log No.: PBSP 06-01719

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that he has not been receiving adequate medical treatment from the Pelican Bay State Prison (PBSP) medical department. The appellant contends that the PBSP medical staff have been deliberately indifferent to his medical needs. The appellant contends that he is a chronic care patient with a history of heart disease, heart arrhythmia, and scoliosis; yet he has not received adequate treatment. The appellant requests that his blood sugar be checked, his back be x-rayed, and that this appeal be placed in the personnel files of all named staff.

**II   SECOND LEVEL'S DECISION:** The reviewer found that a comprehensive and thorough review of the appellant's appeal was conducted. The Second Level of Review (SLR) found that the appellant's medical needs are being adequately addressed. The SLR chronicled the extensive diagnosis and tests that have been performed on the appellant by his primary care physician (PCP). The SLR noted that the appellant is currently prescribed several medications and is receiving regular follow up examination. The SLR noted that there was no justification to place this appeal in the involved staff member's personnel files. The SLR partially granted the appellants appeal.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the SLR. The Director's Level of Review (DLR) finds that the appellant's complaints of improper medical treatment lack merit. The SLR articulated in great detail the treatment plan that the appellant is being provided. The DLR finds that the appellant's medical concerns are being adequately addressed by the institution and the appellant should discuss any future medical concerns with his PCP. California Code of Regulations, Title 15, Section (CCR) 3354 establishes that only qualified medical staff shall be permitted to diagnose illness and prescribe medication and medical treatment for inmates. It is not appropriate for the appellant to self-diagnose his own medical problems and then expect a medical doctor to implement the appellant's recommendation for a course of medical treatment. The appellant's chronic care treatment is being provided by the institution. Therefore no relief is provided at the DLR.

**B.   BASIS FOR THE DECISION:**
CCR: 3000, 3001, 3350, 3350.1, 3350.2, 3354

**C.   ORDER:** No changes or modifications are required by the institution.

(40)

VILLA, J-38001
CASE NO. 064623
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

*C. Manuel*

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, PBSP
        Health Care Manager, PBSP
        Appeals Coordinator, PBSP
        Medical Appeals Analyst, PBSP

EXHIBIT "B"
INMATE APPEAL LOG #
A06 - 03072

(42)

App. Document 1

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**        Location: Institution/Parole Region    Log No.         Category
**APPEAL FORM**                    PBSP              1. A06-03072      9/6
CDC 602 (12/87)                 1. _____                      5Howers
                                2. _____      2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| VILLA | J38001 |  | A-1-122 |

A. Describe Problem: On 10-12-06 I Contracted A Very Serious "MRSA" Infection. The Treatment Of "MRSA" Requires Antibiotics, And Also That The Individual Remain Clean & Sanitary. In Total Disregard Of That Necessity To Maintain Cleanliness For The Sake Of Ones Health, And, In Violation Of CCR Title 15 Regulations, And The 8th Amendment The Last Time I Was Allowed A Shower Was 10-16-06, And Im Told I Will Not Shower Until 10-21-06. This Denial Of Showers Is Due To Criminal Acts Occuring On The Mainline. Due To The Unpredictability Of Whatever Is Occuring On The Mainline, My Shower Could Again Be Cancelled. I Am The Only Inmate On My Tier Who Has Been Forced To be WithOut My Shower. I Have Done No Wrong, Yet My Rights Are Being Trampled.

If you need more space, attach one additional sheet.

B. Action Requested: That I Receive My Shower. New Policy Be Enacted, Wherein Rule Or Law Violations Committed Outside Of Ad-Seg. Due Not Affect Ad-Seg. Inmates.

Inmate/Parolee Signature: _____                    Date Submitted: 10-20-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____                    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____                    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed              CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

OCT 2 3 2006    NOV 0 6 2006    NOV 2 7 2006    JAN 2 2 2007
26              26              1 STAW-GP        2ND APPEALS        43

First Level    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other _____ 11-27-06

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 11-27-06    Due Date: 01-10-07

Interviewed by: _____ S.J. S.WRIGHT

noted B.Kay Capit

Staff Signature: _____    Title: _____ Sergeant    Date Completed: 12-27-06

Division Head Approved
Signature: _____    Title: _____ AW/GP    Returned JAN 0 4 2007 Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

WHEN I HAD THE MRSA INFECTION, I WAS DENIED MEDICAL ATTENTION BY AN AUGUSTE REALLON AND LVN SHIRLEY KEYS FOR 3 DAYS WHILE THE ENTIRE LEFT SIDE OF MY FACE WAS SWOLLEN WITH ABSESSES. I WAS LEFT TO SUFFER EXCRUCIATING PAIN FOR 3 DAYS. WHEN SEEN BY A DOCTOR ON 10-16-06, I WAS TOLD THAT I HAD MRSA, BUT DENIED DAILY SHOWERS, LINEN EXCHANGE, CLOTHING EXCHANGE (PLEASE SEE PAGE TITLED "SLR")

Signature: _____    Date Submitted: 1-4-07

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 1-22-07    Due Date: 2-21-07

☐ See Attached Letter

Signature: _____ B. Samples, CCII    Date Completed: 2-8-07 FEB 2 2 2007

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

"SLR"

Or Any MRSA Precautions That Are Followed When Any Other Inmate Contracts A MRSA Infection. There Is No Reason For Me To Be Denied Showers For 5 Days Even If I Diont Have MRSA. It Just Happens That I Did Have A Very Serious MRSA Infection At The Time. I Was The Only Inmate On My Tier Denied Showers For 5 Days. I Asked To Speak With The 3rd Watch Sergeant Numerous Times, Only To Be Ignored. My Eighth Amendment Protections Have Been Violated By Medical Staff For Denying Me Medical Attention, And Failing To Place Me On MRSA Precautions, And, By Security Staff In Denying Me Showers For 5 Days.

(44)

State of California                                          Department of Corrections and Rehabilitation
                                                                                CDC Form 695

## INMATE/PAROLEE APPEALS SCREENING FORM

NAME: VILLA                          PBSP LOG NO: _____

CDC #: J38001      HOUSING: A1 122      OTHER LOG #: _____

## YOUR APPEAL IS BEING RETURNED FOR THE FOLLOWING REASON(S):

[X] 4. In violation of the CCR, Title 15, Sections 3084.2(b), 3084.3(c)(4) & 3084.5(a)(1),
     you failed and must attach evidence that shows you attempted to get an Informal
     resolution, prior to the appeal being assigned to the Formal Level(s) of appeal
     review. If a staff member fails to respond after 10 working days, use the Chain of
     Command and submit the Appeal to that staff member's supervisor, or unit/area
     supervisors.

   [ ] Counselor          [ ] PBSP R&R         [ ] Med Clinic      [ ] Records
   [X] Unit Officer       [ ] PSU Property     [ ] Dental Clinic   [ ] Inmate Assignments
   [ ] Mail Room          [ ] PBSP SHU Prop.   [ ] Psych Office    [ ] PBSP Trust Office
   [ ] Law Library        [ ] Food Services    [ ] Med Records     [ ] Plant Ops
   [ ] Work Supervisor                         [ ] Other _____

[ ] 5. You have not adequately completed the CDC Form 602, or have not attached the proper
     documents. Follow instructions and attach the items noted below, send what
     documents you have, or explain why they are not available per the CCR, Title 15,
     Section 3084.3(c)(5):

   [ ] Supporting Documents & Receipts          [ ] CDC 1845 Disability Verification
   [ ] GA 22 Request For Interview              [ ] CDC 1824 Reasonable/Accommodation
   [ ] CDC 115 Results With final dispo         [ ] CDC 7362 Health Care Required Co-Pay
   [ ] CDC 115 IE/DA information/Report          [ ] CDC 128-C Medical Chrono
   [ ] CDC 115 Supplemental Reports             [ ] Cell Search Slip
   [ ] CDC 114-D Lockup Order                   [ ] Property Inventory Receipt
   [ ] CDC 1030 Confidential Disclosure         [ ] CDC 143 Property Transfer Receipt
   [ ] Lab Results Sheet                        [ ] Package Inventory Slip
   [ ] CDC 7219 Medical Report                  [ ] Proof of Ownership/Value
   [ ] CDC 128-A _____                [ ] More Specific Information
   [ ] CDC 128-B _____                [ ] Trust Statement
   [ ] CDC 128-G _____                [ ] CDC 193 Trust Acct Withdrawal Order
   [ ] CDC 629A/629B Assess SHU Term            [ ] Legal Status Summary
   [ ] CDC 812/A/B Critical/Enemy               [ ] Abstract of Judgment (AOJ)
   [ ] CDC 839/840 Class/Reclass Score          [ ] CDC 1858[PC 148.6/CCR 3391(d)] Info.Advis.
   [ ] CDC 958 Restoration Request              [ ] Emerg. Unwarranted CCR 3084.7(a)(2)(A)
   [ ] CDC 1819 Correspondence Denial           [ ] Failed to Complete Section _____
   [ ] Other _____                    [ ] Sign & Date Section _____
                                                [ ] CDC Form 602

[ ] 7. The issue has been resolved, PBSP Appeal Log No. _____. A copy
     of the Second (Warden's) Level of Appeal review is attached per the CCR, Title 15,
     Section 3084.2(g)(1)(2(3).

[ ] 8. Abuse of the appeal procedure: _____

Comments: VILLA - I AM NOT AWARE OF A "POLICY" REGARDING HOW G.P.
AFFECTS AD/SEG PROGRAM. I NEED AN INFORMAL RESPONSE.

_C. WILBER_

                              OCT 27 2006
                    _____
C. E. WILBER           Date    NOV 0 9 2006
Appeals Coordinator

This screening action may not be appealed unless the above reasons are inaccurate and
the inmate can provide supporting arguments against the screening decision.
## PERMANENT APPEAL ATTACHMENT  -  DO NOT REMOVE
           PBSP    [Rev. 10/00]    CCR 3084.3(a)    PBSP

OCT 23 2006
    NOV 0 6 2006                                                    (45)

RESPONSE TO CDC FORM 695

ON 10-20-06, I SUBMITTED AN APPEAL REGARDING THE DENIAL OF SHOWERS.
ON 10-30-06 I RECEIVED A 695 FORM FROM YOU DIRECTING ME TO SUBMIT
THE APPEAL TO THE UNIT OFFICER.
SIR, THIS APPEAL IS IN REGARDS TO THE PBSP POLICY OF CANCELING
AD.-SEG. SHOWERS AS A RESULT OF RULES VIOLATIONS OCCURING ON THE
GENERAL POPULATION YARD.
IN ACCORDANCE WITH CCR TITLE 15 SECTION 3084.5(3)(D), THE
INFORMAL LEVEL IS TO BE WAIVED.

THANK YOU,
JOHN VILLA # J38001
A-1-122

46

C. E. WILBER,
APPEALS COORDINATOR.

RESPONSE TO 695 FORM DATED 11-9-06

UPON RECEIVING YOUR 695 FORM DIRECTING ME TO SEEK AN INFORMAL
LEVEL RESPONSE FROM UNIT STAFF, I SUBMITTED THIS APPEAL, WITH YOUR
695 FORM TO C/O RAMIREZ, 3RD WATCH FLOOR OFFICER.

AFTER 10 DAYS, THE APPEAL WAS RETURNED TO ME, UNANSWERED.
I WAS GIVEN A VERBAL RESPONSE TO THE EFFECT OF, "WE DONT MAKE THE
POLICY, AND WE CANT CHANGE IT, WHEN WE ARE TOLD TO STOP SHOWERS, WE
STOP."

I NOW RESUBMIT THIS APPEAL TO YOU FOR FORWARDING TO THE NEXT LEVEL.
SHOULD YOU AGAIN CHOOSE TO REFUSE FORWARD THE APPEAL AND INSTEAD
RETURN IT TO ME WITH ANOTHER 695 FORM, THIS APPEAL WILL THEREFORE
BE DEEMED FULLY EXHAUSTED AT THE 2ND LEVEL, AND I WILL FORWARD IT
TO SACRAMENTO FOR DIRECTORS LEVEL REVIEW.

11-27-06

(47)

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE: **FEB 1 6 2007**

Inmate VILLA, J-38001
Pelican Bay State Prison
Facility A, Administrative Segregation Unit II
Building 1, Cell 122

RE:    WARDEN'S LEVEL DECISION             APPEAL: GRANTED
       APPEAL LOG NO. PBSP-A-06-03072       ISSUE: LIVING CONDITIONS

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP).
Correctional Sergeant S. Wright interviewed the inmate on December 10, 2006, at the First Level of Appeal
Review.

### ISSUES

The inmate requests that he be allowed to shower more frequently.

### FINDINGS

I

The inmate claims he had to wait five days to take a shower while housed in Administrative Segregation
(ASU) which he believes is unreasonable and makes him susceptible to infection and disease.

II

The inmate was informed at the First Level of Appeal Review that he is afforded the opportunity to take a
shower every other day in ASU when program permits.

III

Operational Procedure # 220, Administrative Segregation Unit, VI, Section 403 states inmates will be
allowed to shower a minimum of three times per week. The shower schedule may be interrupted by a
supervisor when availability of staff is limited. This may include emergencies, escort needs, hearings, bus
arrivals/departures or other activities that would prevent the safe and orderly operation of a building if
showers were conducted.

California Code of Regulations Section 3270 requires security take precedence over all other considerations
in the operation of programs and activities within the institution.

48

Supplement Page 2
Villa, J-38001
Appeal # PBSP-A-06-03072

## DETERMINATION OF ISSUE

The inmate pursues his appeal to the Second Level of Review continuing to express his dissatisfaction with not being able to shower between October 16th and the 21st. However, he gives no indication that this has been an ongoing problem to warrant further attention be given to the matter as he is allowed to shower three times per week program permitting, therefore, the APPEAL IS GRANTED.

## MODIFICATION ORDER

No modification of this action or decision is required.

ROBERT A. HØREL
Warden
Pelican Bay State Prison

BDS #49 2-8-07

## FIRST LEVEL APPEAL RESPONSE

DATE:                    December 26, 2006
APPEAL NUMBER:           PBSP-A06-03072
INMATE NAME:             VILLA
CDCR NUMBER:             J-38001
APPEAL DECISION:         **DENIED**

APPEAL ISSUE (MODIFIED): Living conditions.

You request, to receive a shower, after there has been an institutional emergency and the staff that are assigned to the unit you are housed in are not to get involved, thereby not affecting your shower program. You have also implied that you have had MRSA in Administrative Segregation (Ad-Seg).

FINDINGS:
Sergeant S. Wright was assigned to investigate your complaint as the First Level Reviewer. A review of your appeal, attachments, and prior staff responses has been completed. During the course of the investigation, the following information was noted: Sergeant S. Wright interviewed you on December 10, 2006, at approximately 1835 hours, at the cell front of A1-122L. You said you no longer have MRSA, and you are not requesting daily showers as requested in your appeal. However, you feel that when Ad-Seg staff has to respond to an institutional emergency, and your shower time is affected by their response, you want this changed. To add clarification to your appeal issue, Licensed Vocational Nurse S. Keys informed Sergeant S. Wright that you have not been on MRSA precautions, and a daily shower was never required. Also, in response to your second appeal request, the assigned housing unit staff is required to provide institutional responses at inopportune times, and that may affect Ad-Seg's program, however, they will make every effort to meet regular shower program requirements. Your current shower program consists of a shower being offered to you every other day.

DETERMINATION OF ISSUE:

A thorough review of the allegation presented in this complaint has been completed. Based on the above, your appeal is **DENIED** at the First Level of Review.


S.L. KAYS                        M. A. COOK
Correctional Captain             Associate Warden
Facility A                       General Population

EXHIBIT "C"
INMATE APPEAL LOG #
S06-02270

(51)

LA-18-2006-00008  #8

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: IPBSP

Log No. S06-02270

Category 8/10

WANS followup APPT.
For Nothing

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

A1-122

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| VILLA, John | J38001 | | A1-223 |

**A. Describe Problem:** THIS 602 IS FILED DUE TO MEDICAL STAFF DELIBERATE INDIFFERENCE. ON 8-19-06, I BEGAN TO ITCH UNCONTROLLABLY. I WAS SEEN BY MTA FITZPATRICK AND A DOCTOR TOLD ME TO STOP TAKING MY NIACIN AND I'D BE SEEN BY MEDICAL ON 8-29-06. IT IS NOW 9-4-06, AND I HAVEN'T BEEN SEEN, NOR HAVE I HAD ANY CHOLESTEROL MEDS.

*NOTE ADDED 12-14-06 — THIS IS TO CORRECT THE NAME AND JOB TITLE OF THE PERSON WHO EVALUATED ME ON 8-19-06, HIS NAME WAS KIRKPATRICK, AND I'M TOLD HE IS A LICENSED VOCATIONAL NURSE.

If you need more space, attach one additional sheet.

**B. Action Requested:** I JUST WANT TO BE TREATED.

LIFER BRANCH APPEAL

DEC 26 2006

RECEIVED

Inmate/Parolee Signature: John Villa    Date Submitted: 9-5-06

**C. INFORMAL LEVEL (Date Received:** 9-5-06 )

**Staff Response:** Partiqlly granted - you are scheduled to see the doctor soon for a follow up on your last visit on 8-17-06

Staff Signature: Fusski    Date Returned to Inmate: 9-5-06

**D. FORMAL LEVEL**

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

IT HAS BEEN 23 DAYS SINCE I HAD THE NEGATIVE ITCHING REACTION AND WAS TOLD TO STOP TAKING MY CHOLESTEROL MEDICATION. MEDICAL STAFF ARE DELIBERATELY INDIFFERENT TO MY SERIOUS MEDICAL NEED.

Signature: John Villa    Date Submitted: 9-12-06

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

1st HCM 2nd

SEP 1 3 2006

NOV 2 8 REC'D

52

First Level ☒ Granted ☐ P. Granted ☐ Denied ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 9/13/06 _____ Due Date: 10/26/06

Interviewed by: _____

See attached typed response

Staff Signature: _____ Title: M.D Date Completed: 11/3/06

Division Head Approved:
Signature: MC Jargn Title: C.M.D Returned Date to Inmate: 11-13-06

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

DR. JAIN ADMITS THAT EVENTHOUGH I HAD A BAD REACTION TO TAKING 2000 mg OF NIACIN, I WAS NOT SEEN FOR 30 DAYS. DR. JAIN PLACED ME ON ZOCOR, A "STATIN" EVENTHOUGH SHE KNEW I CANT TAKE STATINS. ZOCOR GAVE ME STOMACH PROBLEMS AND MADE MY LEG MUSCLES HURT. NOW I AM BACK ON NIACIN AND GEMFIBROZIL.

Signature: _____ Date Submitted: 11-20-06

Second Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 11-28-2006 Due Date: 12-27-2006
☐ See Attached Letter

Signature: _____ Date Completed: 12-11-06

Warden/Superintendent Signature: Maureen McKe HCM Date Returned to Inmate: 12/14/06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

DOCTORS HERE HAVE PLACED MY HEALTH IN DANGER BY CANCELLING MY ORIGINAL CHOLESTEROL MEDICATION THEN IGNORING MY HISTORY WITH STATINS, REPEATED PRESCRIPTIONS OF STATINS CAUSING ME TO SUFFER. DUE TO PLACING ME ON 2000 MG. OF NIACIN MY BODY HAD A BAD REACTION, WHICH THIS MEDICAL DEPT. IGNORED FOR A MONTH. THE ZOCOR CAUSED ME TO HAVE STOMACH PAINS WHICH RN REALLON IGNORED, AND ALSO LEG PAINS: NONE OF WHICH WERE FOLLOWED UP ON. RN REALLON ALSO MADE ME SUFFER ☐ INFECTIONS. IN PAIN, PLUS MY CHOLESTEROL IS STILL UNCONTROLLED

Signature: _____ Date Submitted: 12-17-06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

AND WHILE INFECTED WITH "MRSA" I WAS DENIED SHOWERS FOR 5 DAYS, DENIED DAILY SHOWERS, LINEN EXCHANGE, AND CLOTHING EXCHANGE

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☒ Denied ☐ Other _____
☒ See Attached Letter

FEB 2 2 2007

Date: _____

CDC 602 (12/87)

# FIRST LEVEL SUPPLEMENTAL PAGE
First Level Reviewers Response

**RE:** **PELICAN BAY STATE PRISON**
Appeal Log #: **PBSP-S-06-2270**
Inmate Name: **VILLA J38001**

## APPEAL DECISION: GRANTED

**APPEAL ISSUE:** The following is a summary of your appeal statements and issues. For complete details and exact statements, please see the original CDC 602 Inmate/Parolee Appeal Form. You submitted your appeal at the informal level on September 5, 2006. You had symptoms of intense itching that began August 19, 2006, and was suspected to be a reaction to the Niacin. You said you were told to stop taking the niacin, and you would be seen by medical on August 24, 2006. As of September 12, 2006, you still had not seen by the doctor again. You requested only to be treated.

**FINDINGS:** Your appeal with the attachments and your requested action has received careful consideration. I, B. Jain, M.D., saw you in the clinic for this issue on September 19, 2006. Your niacin was discontinued and I started you on Gemfibrozil 600 mg tablets, ordered a Lipid Profile test to be done in six weeks. You were advised of the possible side effects of Gemfibrozil. I saw you again on October 24, 2006. I discontinued your Gemfibrozil and prescribed Zocor 20 mg tablets instead, and ordered another Lipid Profile test to be done in six weeks. I advised you of the possible side effects of Zocor and advised to stop the medication and report any side effects to medical staff, such as muscle or abdominal pain. We have and are continuing to treat your hyperlipidemia.

**DETERMINATION OF ISSUE:** A thorough review of your requests presented in this complaint has been completed. Based on this review, the actions requested to resolve the appeal has been granted.

B. Jain, M.D.
Primary Care Provider

11/3/06
Date

M. Sayre, M.D.
Chief Medical Officer

11/6/06
Date

53

## SECOND LEVEL APPEAL RESPONSE

RE:   PELICAN BAY STATE PRISON
       Appeal Log: PBSP-S-06-02270
       Inmate: VILLA J38001

Maureen McLean, FNP, Health Care Manager at Pelican Bay State Prison (PBSP) reviewed this matter. Joseph Kravitz, Correctional Counselor II (A), conducted the Appeal at the Second Level of Review on December 11, 2006.

**APPEAL ISSUE:** The following is a summary of your appeal statements and issues. For complete details and exact statements, please see the original CDC 602 Inmate/Parolee Appeal Form. You submitted your appeal at the informal level on September 5, 2006. You had symptoms of intense itching that began August 19, 2006, and was suspected to be a reaction to the Niacin. You said you were told to stop taking the niacin, and you would be seen by medical on August 24, 2006. As of September 12, 2006, you still had not seen by the doctor again. You requested only to be treated.

Your appeal with the attachments and your requested action has received careful consideration. B. Jain, M.D., saw you in the clinic for this issue on September 19, 2006. Your niacin was discontinued and she started you on Gemfibrozil 600 mg tablets, ordered a Lipid Profile test to be done in six weeks. You were advised of the possible side effects of Gemfibrozil. She saw you again on October 24, 2006. She discontinued your Gemfibrozil and prescribed Zocor 20 mg tablets instead, and ordered another Lipid Profile test to be done in six weeks. She advised you of the possible side effects of Zocor and advised to stop the medication and report any side effects to medical staff, such as muscle or abdominal pain. We have and are continuing to treat your hyperlipidemia.

**FINDINGS:** A review of your appeal has been completed. Your appeal with the attachments and your requested action has received careful consideration. I, M. McLean, FNP, Health Care Manager, was assigned to investigate your allegations. Joseph Kravitz, Correctional Counselor II (A), reviewed your medical file and responses on December 11, 2006. As noted above, Dr. Jain saw you on October 24, 2006. At that time in an effort to lower your lipids she changed your medication to Zocor. During the appointment she educated you on possible side effects and told you to discontinue taking the medication and notify staff if you were having side effects. At your medical appointment on November 14, 2006 you told her you were having calf pain from the Zocor and you stopped taking it. You requested to resume taking Gemfibrozil and she restarted you on that medication. Your blood lipid levels will continue to be monitored in an effort to bring the levels into the therapeutic range. Often times it takes multiple attempts to find a medication that a patient will tolerate. This appears to have happened in your case. If you have additional problems or concerns you are encouraged to discuss them with your health care team.

PBSP-S-06-02270
VILLA J38001
Page 2

**DECISION:** The Appeal is partially granted

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

Joseph Kravitz            Date
Correctional Counselor II (A)

Maureen McLean, FNP         Date
Health Care Manager

55

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: FEB 2 2 2007

In re:    Villa, J-38001
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0607429         Local Log No.: PBSP 06-02270

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that the Pelican Bay State Prison (PBSP) medical staff have been deliberately indifferent to his medical needs. The appellant asserts that he experienced severe itching. The appellant contends that he was directed to stop taking Niacin and that he would be examined for follow-up treatment. The appellant asserts that it is taking too long to be examined and he requests to be treated.

**II    SECOND LEVEL'S DECISION:** The reviewer found that a comprehensive and thorough review of the appellant's appeal was conducted. The First Level of Review noted that the appellant was examined on September 19, 2006 and was prescribed Gemfibrozil and the Niacin was discontinued. Dr. Jain ordered a lipid test for the appellant. On October 24, 2006, the appellant was examined again by Dr. Jain and was prescribed Zocor in lieu of the Gemfibrozil. The Second Level of Review (SLR) concurred with the findings and the treatment that was provided the appellant. The SLR noted that treatment often requires multiple attempts to find a medication that a patient can tolerate. The SLR advised the appellant to inform his primary care physician (PCP) of any changes to his health. The SLR partially granted the appeal.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.    FINDINGS:** The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the SLR. The Director's Level of Review (DLR) finds that the appellant's complaints of improper medical treatment lack merit. The SLR indicated that the appellant has been evaluated by his PCP and his medication has been repeatedly changed in an attempt to minimize the side effects. The DLR notes that the appellant contends that the PBSP medical staff is being indifferent to his needs; however, the evidence does not support his accusations. The DLR finds that the appellant's medical concerns are being adequately addressed by the institution and the appellant should discuss any future medical concerns with his PCP. California Code of Regulations, Title 15, Section (CCR) 3354 establishes that only qualified medical staff shall be permitted to diagnose illness and prescribe medication and medical treatment for inmates. It is not appropriate for the appellant to self-diagnose his own medical problems and then expect a medical doctor to implement the appellant's recommendation for a course of medical treatment. The appellant's request for treatment of his medical condition was appropriately reviewed by licensed physicians and he has been receiving treatment. Therefore, no relief is provided at the DLR.

   The appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

   **B.    BASIS FOR THE DECISION:**
   CCR: 3000, 3001, 3350, 3350.1, 3350.2, 3354

   **C.    ORDER:** No changes or modifications are required by the institution.

56

VILLA, J-38001
CASE NO. 0607429
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
       Health Care Manager, PBSP
       Appeals Coordinator, PBSP
       Medical Appeals Analyst, PBSP

57

PROOF OF SERVICE BY MAIL

(C.C.P. Sec. 1013a #2015-5, 28 U.S.C. Sec. 1746)

I, *JOHN DANIEL VILLA JR. # J38001*_____, am a resident of Pelican Bay State Prison, in the

County of Del Norte, State of California. I am over the age of eighteen (18) years and am a party to the

above-entitled action.

My State Prison address is: Post Office Box *7500*, Crescent City, California, 95531.

On the *6th* day of *MARCH*, *2007*, I served the following (set forth the exact title of

document(s) served):

*CIVIL COVER SHEET, 42 U.S.C. §§ 1983 COMPLAINT, MOTION FOR THE APPOINT-*
*MENT OF COUNSEL, DECLARATION IN SUPPORT OF MOTION, MEMORANDUM OF*
*LAW IN SUPPORT OF MOTION, EXHIBIT "A" INMATE APPEAL # P06-01719,*
*EXHIBIT "B" INMATE APPEAL # A06-03072, EXHIBIT "C" INMATE APPEAL #*
*S06-02270*

on the party(s) herein by placing a true copy(s) thereof, enclosed in a sealed envelope(s), with postage

thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison,

Crescent City, California, 95531, addressed as follows:

*CLERK, U.S. DISTRICT COURT*

*NORTHERN DISTRICT OF CALIFORNIA*

*450 GOLDEN GATE AVENUE*

*P.O. BOX 36060*
*SAN FRANCISCO, CA. 94102*

There is delivery service by United States mail to the place so addressed and/or there is regular

communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this *6th* day of *MARCH*, *2007*

_____
Declarant/Prisoner signature

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS  JOHN DANIEL VILLA JR. | DEFENDANTS  LINDA ROWE, JENNIFER SWINEY, BHAWNA JAIN, CLAIRE WILLIAMS, VICKI FOWLER, AUGUSTE REALLON, SHIRLEY KEYS |
|---|---|
| (b)  County of Residence of First Listed Plaintiff  DEL NORTE <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE <br> LAND INVOLVED. |
| (c)  Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1   U.S. Government
        Plaintiff

☑ 3   Federal Question
        (U.S. Government Not a Party)

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury | **PERSONAL INJURY** <br> ☐ 362 Personal Injury - Med. Malpractice <br> ☐ 365 Personal Injury - Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs. <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark | ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 444 Welfare <br> ☐ 445 Amer. w/Disabilities - Employment <br> ☐ 446 Amer. w/Disabilities - Other <br> ☐ 440 Other Civil Rights | **PRISONER PETITIONS** <br> ☐ 510 Motions to Vacate Sentence <br> **Habeas Corpus:** <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☒ 555 Prison Condition | **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Information Act <br> ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       another district
       (specify)

☐ 6  Multidistrict
       Litigation

☐ 7  Appeal to District
       Judge from
       Magistrate
       Judgment

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

## VI. CAUSE OF ACTION

Brief description of cause: PLAINTIFF FILES UNDER 42 U.S.C. 81983 ALLEGING, DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL CONDITIONS IN VIOLATION OF EIGHTH AMENDMENT OF U.S. CONSTITUTION. 42 U.S.C §§ 1983

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $1,000,000 1,050,000 | CHECK YES only if demanded in complaint: <br> JURY DEMAND: ☒ Yes  ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

DATE _____              SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____