IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DANIEL VILLA, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>LINDA ROWE; JENNIFER SWINEY; BHAWANA JAIN; CLAIRE WILLIAMS; VICKI FOWLER; AUGUSTE REALLON; SHIRLEY KEYS; JOSEPTH KRAVITZ; MAUREEN McLEAN; R. SNYDER,<br><br>    Defendants. | No. C 07-1436 WHA (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff has filed an amended complaint as of right; this review is of that complaint.

**1.    CLAIM ONE**

Plaintiff suffers from cardiac trouble, and as a result has been in the "chronic care" program of the Department of Corrections and Rehabilitation. Upon arrival at Pelican Bay State Prison from New Folsom State Prison in July of 2005 he informed defendant Doctor Rowe that he could not take statins because of a previous adverse reaction, and had successfully been treated with niacin instead. She discontinued the niacin, a prescribed medical treatment, allegedly without reason. As a result his cholesterol and triglyceride levels soared.

Plaintiff contends that defendant Doctor Swiney prescribed a statin, despite his telling Swiney that he could not take them and the notations in his medical records that he had an adverse reaction to them. As a result, plaintiff suffered pain and bloating. A week later he saw

2

defendant Doctor Jain and asked him to discontinue the statin. Jain refused, and told him to notify medical staff if he continued to have pain and bloating or if it worsened. About six days later, plaintiff told defendant nurse Fowler twice that his condition was much worse, but she failed to respond. Plaintiff then stopped taking the statin on his own; when his blood was tested six days after he stopped, it was discovered he had suffered liver damage.

After the blood test Jain put plaintiff on niacin, as he had requested, but at a dose twice that which he had been taking. He contends that as a consequence he suffered hives. Because of the hives an unknown doctor told him to discontinue to niacin and that he would be seen soon, but in fact Doctor Jain did not see him for almost thirty days, during which he was without treatment for his cholesterol level. When Doctor Jain saw plaintiff, Jain put him on another statin, despite the previous reaction to other statins and over his protests. As a result he again suffered a severe reaction. When he complained to defendant nurse Reallon, she did not schedule him to see a doctor but instead just gave him antacids. He then suffered muscle pain and leg weakness, a recognized side-effect of statins.

These claims are sufficient to state a claim against defendants Row, Swiney, Jain, Fowler, and Reallon.

### 2. CLAIM TWO

Plaintiff's eye became infected in October of 2006 and eventually was swollen shut. Despite the swelling, defendant nurse Reallon refused to evaluate it or refer plaintiff to a doctor. At some point after this plaintiff was seen by Doctor Jain, who prescribed an antibiotic ointment. Seven days later the infection had spread to plaintiff's nose and upper lip. The next day Reallon stopped to check on the eye infection and plaintiff showed her his infected nose and lip. She did nothing about it. By that evening the entire left side of his fact was involved, with swelling and abscesses. This continued, with great pain, for three days. Plaintiff complained to defendant nurse Keys each of those days when she brought him his medication, without result. After three days other medical personnel arranged for him to be seen by Reallon, who sent him to the infirmary. There he was diagnosed with "MRSA," Methicillin-Resistant Staphylococcus Aureus. These allegations are sufficient to state a claim against Keys

and Reallon.

Plaintiff also contends in this claim that defendant Doctor Williams falsely entered in his records that she was the doctor who saw him on October 16, 2006, when in fact it was a male physician. This allegation is insufficient to state a constitutional claim and will be dismissed.

### 3. CLAIM THREE

Plaintiff alleges that in August of 2005 he had an ear infection. He provides only conclusory allegations that defendants Rowe, Swiney and Jain failed to treat it over the course of a year. This claim will be dismissed with leave to amend.

### 4. CLAIM FOUR

Plaintiff contends that he raised the above medical problems in grievances which were not acted on by defendants Kravitz and McLean. Because the grievances involved on-going medical problems, to which Kravitz and McLean were alerted by the grievances, these claims are sufficient to proceed.

### 5. CLAIM FIVE

Plaintiff contends that in February of 2007 defendant Snyder wrongfully blamed him for remarks about her that he did not make, and so denied him his heart and anxiety medication and placed him on a punitive status. This claim is against a defendant who is not named on any of the other claims and which has no connection to the other claims. It thus is not properly joined with the other claims and will be dismissed without prejudice. *See* Fed. R.Civ.P. 20 (a).

## CONCLUSION

1. Claim five is **DISMISSED** without prejudice. The claim against defendant Dr. Williams in claim two is also **DISMISSED**.

2. Claim three is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present, including those which are found to be cognizable here – claims

one, two, and four.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

3. Claims one, two (except as to Dr. Williams), and four are cognizable under 42 U.S.C. § 1983.  For reasons of judicial economy, however, service of these claims will be held until plaintiff files an amendment to the complaint, so all claims can proceed together.  If plaintiff fails to timely amend his complaint, or if the amended claims are dismissed after review, the cognizable claims will be served.

4. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address."  Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned.  Petitioner also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October  29 , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5

G:\PRO-SE\WHA\CR.07\VILLA1436.DWLTA.wpd