**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DANIEL VILLA, JR., | No. C 07-1436 WHA (PR) |
| Plaintiff, | **ORDER OF SERVICE AFTER AMENDMENT** |
| v. | |
| LINDA ROWE; JENNIFER SWINEY; BHAWANA JAIN; CLAIRE WILLIAMS; VICKI FOWLER; AUGUSTE REALLON; SHIRLEY KEYS; JOSEPTH KRAVITZ; MAUREEN McLEAN; R. SNYDER, | |
| Defendants.                    / | |

Plaintiff, an inmate at Pelican Bay State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983. In the initial review order some of plaintiff's claims were dismissed with leave to amend. He has amended. The court will now review the amended claims to determine whether they should be served. *See* 28 U.S.C. § 1915A(b)(1),(2).

**DISCUSSION**

In the order of dismissal most of plaintiff's claims were determined to be sufficient to proceed, but the portion of claim two that was directed against Dr. Williams was dismissed with prejudice, claim three was dismissed with leave to amend, and claim five, which was improperly joined, was dismissed without prejudice to bringing it in a separate suit.

///

In the amended petition plaintiff has properly omitted the dismissed claim against Williams.

In his amended version of claim three, plaintiff alleges that defendant Rowe examined him when he complained of ear pain, diagnosed an ear infection, but refused to provide any treatment. This is sufficient to state a claim against Rowe. He also alleges that defendants Swiney and Jain examined his ear on two subsequent occasions, each time prescribing antibiotics. He alleges that "medical staff" allowed these antibiotics to run out and did not follow up without checking whether the infection was gone. These allegations are insufficient to state a claim against Swiney and Jain and will be dismissed. Because it has already been determined that plaintiff states a claim against Swiney and Jain in claim one, they remain in the case.

Plaintiff also has included claim five in the amended complaint, the claim that was dismissed as improperly joined. It will again be dismissed.

## CONCLUSION

For the foregoing reasons,

1. The claims against defendants Swiney and Jain in claim three are **DISMISSED** with prejudice, and claim five is **DISMISSED** without prejudice.

2. The clerk shall issue summons and serve the amended complaint, without prepayment of fees, upon the following Defendants: Linda Rowe; Vicki Fowler; Auguste Reallon; Shirley Keys; Joseph Kravitz; Maureen Mclean, Jennifer Swiney; and Bhawana Jain. Plaintiff states that these defendants can be found at Pelican Bay State Prison.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. Defendants shall file a motion for summary judgment or other dispositive motion within sixty days of the date this order is entered. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is

1  due. All papers filed with the Court shall be promptly served on the plaintiff.

2        b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the
3  court and served upon defendants no later than thirty days from the date the motion was served
4  upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is
5  provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
6  and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

7      If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to
8  exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff
9  should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"
10 which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.),
11 *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

12       c. If defendants wish to file a reply brief, they shall do so no later than fifteen
13 days after service of the opposition.

14       d. The motion shall be deemed submitted as of the date the reply brief is due.
15 No hearing will be held on the motion unless the Court so orders at a later date.

16     4. All communications by plaintiff with the Court must be served on defendants, or
17 defendants' counsel once counsel has been designated, by mailing a true copy of the document
18 to defendants or defendants' counsel.

19     5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
20 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is
21 required before the parties may conduct discovery.

22     6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
23 informed of any change of address by filing a separate paper with the clerk headed "Notice of
24 Change of Address." He also must comply with the Court's orders in a timely fashion. Failure
25 to do so may result in the dismissal of this action for failure to prosecute.

26     **IT IS SO ORDERED.**

27 Dated: February   2   , 2009.

                             WILLIAM ALSUP
28                              UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\VILLA1436.SRV.wpd

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING
## (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

4