**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN DANIEL VILLA JR.,

Plaintiff,

v.

LINDA ROWE, JENNIFER SWINEY, and BHAWNA JAIN,

Defendants.
_________________________________/

No. C 07-01436 WHA

**ORDER REGARDING MOTIONS *IN LIMINE***

This action is proceeding to trial on plaintiff's claim against Drs. Rowe, Swiney, and Jain for violation of the Eighth Amendment for the medical treatment plaintiff received for high cholesterol. In advance of the pretrial conference on July 5, plaintiff submitted two motions *in limine*, defendants Bhawna Jain and Linda Rowe submitted six, and defendant Jennifer Swiney submitted seven. (Defendants Jain and Rowe are represented by one set of counsel, while defendant Swiney is represented by another set of counsel, and the two sets brought separate motions.) Any denial below does not mean that the evidence at issue in the motion is admitted into evidence — it must still be moved into evidence, subject to other objections, at trial. And, a grant of a motion *in limine* does not exclude the evidence under any and all circumstances; the beneficiary of a grant may open the door to the disputed evidence, for example.

**A. PLAINTIFF'S MOTION *IN LIMINE* NO. 1**

Plaintiff moved *in limine* to exclude expert opinion testimony from Dr. Harlan Watkins or for an evidentiary hearing prior to the admission of such testimony (Dkt. No. 102), "because he is unable to [sufficiently] define 'deliberate indifference' or the 'standard of care.'" Plaintiff

**United States District Court**
For the Northern District of California

argues that Dr. Watkins' testimony should be excluded because at his deposition he did not define the legal terms "deliberate indifference" or "standard of care" with the rote precision that plaintiff's counsel desire. As an initial matter, the deposition testimony submitted does not include a question and answer in which Dr. Watkins defined "standard of care." On the other hand, Dr. Watkins testified that he would define "deliberate indifference" as "uncaring, deliberately trying to damage someone . . . deliberate intent to be uncaring."

Dr. Watkins will not mislead the jury in the way counsel suggests. Jury instructions will properly instruct the jury as to the applicable legal standard. Plaintiff's counsel provide no authority for the position that an expert's inability to testify in deposition to a specific legal definition of a term — as opposed to an approximation — should preclude his testimony altogether. To the contrary, this order finds that Dr. Watkins' approximation of the legal standard of "deliberate indifference" in his deposition testimony does not render his testimony unreliable or irrelevant. Plaintiff's showing at this stage constitutes possible impeaching material and nothing more. The motion is therefore **DENIED**. Both sides are instructed to not sponsor direct testimony that medical treatment did or did not fall short or was or was not adequate for liability.

**B. PLAINTIFF'S MOTION *IN LIMINE* NO. 2**

Plaintiff moved *in limine* to limit evidence of the underlying facts of plaintiff's prior felony conviction (Dkt. No. 103). For the reasons stated at the pretrial conference, the motion is **GRANTED**, and the fact of the prior conviction is admissible but the underlying facts shall be excluded.

**C. DEFENDANTS JAIN AND ROWE'S MOTION *IN LIMINE* NO. 1**

Defendants Jain and Rowe moved *in limine* to exclude reference to "the contents of articles, studies, court rulings, reports, legislative analyses and other hearsay relied upon by plaintiff during direct examination of plaintiff's experts" (Dkt. Nos. 105, 112, and 135). Among the documents challenged as potentially relied on by plaintiff's experts, plaintiff's counsel stated at the pretrial conference that they would only try to get drug inserts and prison protocols for medical care into evidence. (The motion does not challenge documents not potentially relied on

by plaintiff's experts, such as plaintiff's prison appeals during the time of treatment, so those are not at issue here, though they are still subject to trial objections if plaintiff's counsel otherwise attempt to introduce them into evidence.) As to drug inserts and prison protocols for medical care, for the reasons stated at the pretrial conference, the motion is **DENIED WITHOUT PREJUDICE** to trial objections once plaintiff's counsel have had an opportunity to attempt to lay foundation. As to all other documents potentially relied on by plaintiff's experts, the motion is **GRANTED**.

**D. DEFENDANTS JAIN AND ROWE'S MOTION *IN LIMINE* NO. 2**

Defendants Jain and Rowe moved *in limine* to exclude evidence regarding the standard of care (Dkt. No. 106). For the reasons stated at the pretrial conference, the motion is **DENIED**, but a jury instruction will be given to admonish the jury that finding a violation of the standard of care is not enough to find liability, and subject to the caveat that this ruling may be modified if plaintiff's counsel abuse their opportunity to put in evidence on the standard of care.

**E. DEFENDANTS JAIN AND ROWE'S MOTION *IN LIMINE* NO. 3**

Defendants Jain and Rowe moved *in limine* to preclude plaintiff's experts from going beyond the scope of their expert reports on direct examination (Dkt. No. 107). For the reasons stated at the pretrial conference, the motion is **GRANTED** to the following extent: If, after an objection on direct examination of an expert that testimony is beyond the scope of the expert's report, the Court finds that the testimony is indeed beyond the scope of the report, such testimony will not come into evidence. The same rule applies to both sides. On cross-examination, however, if examining counsel opens the door to testimony that is beyond the expert's report, the expert can testify freely, without such restriction.

**F. DEFENDANTS JAIN AND ROWE'S MOTION *IN LIMINE* NO. 4**

Defendants Jain and Rowe moved *in limine* to exclude hearsay evidence of statements made by plaintiff to other physicians that he had a prior adverse reaction to statins (Dkt. No. 108). For the reasons stated at the pretrial conference, the motion is **GRANTED PROVISIONALLY** to the following extent: A final ruling will be reserved for trial. In the meantime, plaintiff's

counsel shall not mention such evidence in opening statements or voir dire or allow it to come into plaintiff's case without first getting permission from the judge.

### G. DEFENDANTS JAIN AND ROWE'S MOTION *IN LIMINE* NO. 5

Defendants Jain and Rowe moved *in limine* to preclude plaintiff's experts from testifying that defendants were guilty of "deliberate indifference" or that their care and treatment of plaintiff "suggested" deliberate indifference (Dkt. Nos. 109 and 119). Plaintiff's counsel stated their non-opposition to the motion and it is therefore **GRANTED**.

### H. DEFENDANTS JAIN AND ROWE'S MOTION *IN LIMINE* NO. 6

Defendants Jain and Rowe moved *in limine* to preclude plaintiff's expert, Terry E. Hill, M.D., from testifying regarding generalized medical practice at Pelican Bay Hospital, or "systematic lapses" in the medical care in general at Pelican Bay State Prison (Dkt. No. 110).

Dr. Hill's report is in the record. In it, Dr. Hill states his understanding that "[t]he Court has agreed to hear [plaintiff's] claims specifically regarding his cholesterol treatment." Nevertheless, the report reflects that Dr. Hill "ha[s] not reviewed the medical records of Mr. Villa and [] will not comment on the medical malpractice issues of his claim." Instead, the report reviews "federal court class action cases pertinent to [Pelican Bay State Prison]," "medical care in the California Department of Corrections and Rehabilitation, 2005–2006," and "medical care at Pelican Bay State Prison 2005–2006."

Dr. Hill's testimony is irrelevant to the claims remaining for trial in this matter. Plaintiff responds that it is relevant because a claim of deliberate difference can be shown by "conduct by the prison medical staff" or by "proving there are such systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to adequate medical care" (Opp. 2 (citing *Wellman v. Faulkner*, 715 F.2d 269, 272 (7th Cir. 1983)). Regardless, *the latter is not the claim brought to trial here*. The order granting in part and denying in part defendants' motions for summary judgment in this matter specifically stated:

> Summary judgment is **DENIED** as to plaintiff's Eighth Amendment claims regarding the medical treatment he received for high cholesterol against defendants Dr. Linda Rowe, Dr. Swine[y] and Dr. Jain. Summary judgment is **GRANTED** on all other claims.

(Dkt. No. 28 at 14). In other words, the only claim that is proceeding to trial is plaintiff's claim that *these three defendants* were deliberately indifferent in providing medical treatment as to *this particular issue*.

"A person deprives another 'of a constitutional right, within the meaning of section 1983, if he . . . *causes* the deprivation of which [the plaintiff complains].' The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted; emphasis in original). Applying these guiding principles here, plaintiff's proffered evidence of general alleged shortcomings at Pelican Bay via Dr. Hill is not relevant to the issue at hand — namely, the alleged liability of the three defendants for deliberately indifferent medical treatment.

Plaintiff is not proceeding to trial against the State or against the prison system for general deliberate indifference at Pelican Bay. Plaintiff provides no other basis for the admissibility of Dr. Hill's testimony. Therefore, the motion to exclude the testimony of Dr. Hill is **GRANTED** with the following caveat: As stated at the pretrial conference, if defense counsel opens the door to Dr. Hill's testimony and other evidence regarding general medical conditions at the prison, the Court may allow plaintiff to present such evidence. Defense counsel would open the door, for example, by representing to the jury that plaintiff was provided the same good medical care as other prisoners at Pelican Bay.

### I. DEFENDANT SWINEY'S MOTION *IN LIMINE* NO. 1

Defendant Swiney moved *in limine* to exclude mention of defendant's insurance coverage (Dkt. Nos. 114 and 119). Plaintiff's counsel stated their non-opposition to the motion and it is therefore **GRANTED**.

### J. DEFENDANT SWINEY'S MOTION *IN LIMINE* NO. 2

Defendant Swiney moved *in limine* to exclude witnesses from the courtroom while not under examination (Dkt. Nos. 115 and 119). Plaintiff's counsel stated their non-opposition to the motion and it is therefore **GRANTED**.

**K. DEFENDANT SWINEY'S MOTION *IN LIMINE* NO. 3**

Defendant Swiney moved *in limine* to exclude evidence relating to prior settlement discussions (Dkt. Nos. 117 and 119). Plaintiff's counsel stated their non-opposition to the motion and it is therefore **GRANTED**.

**L. DEFENDANT SWINEY'S MOTION *IN LIMINE* NO. 4**

Defendant Swiney moved *in limine* to exclude expert opinions not expressed at deposition or in the expert's Rule 26 reports (Dkt. No. 120). For the reasons stated at the pretrial conference, the motion is **GRANTED IN PART AND DENIED IN PART** to the extent stated above regarding defendants Jain and Rowe's motion *in limine* number three, except that experts are not under a burden to volunteer information at deposition and thus their testimony will not be limited on that basis.

**M. DEFENDANT SWINEY'S MOTION *IN LIMINE* NO. 5**

Defendant Swiney moved *in limine* to exclude the expert opinion of Dr. Terry Eli Hill as not relevant (Dkt. No. 121). For the reasons stated above regarding defendants Jain and Rowe's motion *in limine* number six, and at the pretrial conference, the motion is **GRANTED** with the same caveat.

**N. DEFENDANT SWINEY'S MOTION *IN LIMINE* NO. 6**

Defendant Swiney moved *in limine* to strike plaintiff's claim for punitive damages or, in the alternative, to bifurcate liability and punitive damages phases of trial (Dkt. No. 122). For the reasons stated at the pretrial conference, the motion is **GRANTED IN PART AND DENIED IN PART** to the following extent: Evidence during the main proceeding shall not concern the amount of punitive damages, but plaintiff's counsel may tell the jury they are *seeking* punitive damages. The jury will be asked on the verdict form if they find liability whether punitive damages should also be awarded but not the amount. If the jury answers on the verdict form that punitive damages should be awarded, there will be a second phase of proceedings during which either side may present evidence concerning the financial condition and worth of defendants and during which counsel for both sides will be allowed a short time to argue the issue of the amount

United States District Court
For the Northern District of California

of punitive damages to the jury. Then, the jury will return to deliberations concerning the amount of punitive damages.

**O. DEFENDANT SWINEY'S MOTION *IN LIMINE* NO. 7**

Defendant Swiney moved *in limine* to exclude expert opinion testimony by plaintiff (Dkt. No. 123). For the reasons stated at the pretrial conference, the motion is **GRANTED IN PART AND DENIED IN PART** to the following extent: As a general matter, plaintiff may testify, for example, "I took a pill, and then I got sick" but not that "the pill made me sick," *i.e.*, not about cause and effect. Given this general guidance, specific testimony may be objected to and ruled upon on a case-by-case basis.

**IT IS SO ORDERED.**

Dated: July 7, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE