IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN DANIEL VILLA JR.,

    Plaintiff,

v.

LINDA ROWE, JENNIFER SWINEY, and BHAWNA JAIN,

    Defendants.
    /

No. C 07-01436 WHA

**ORDER REGARDING REQUEST FOR STATUS CONFERENCE**

       A pretrial conference was held in this matter on July 5, after which a final pretrial order and an order resolving the parties' motions *in limine* were filed. The final pretrial order stated that this case shall go to trial no earlier than August 8, 2011, and also that as much notice as possible will be provided when the final trial date is set, and the information provided by counsel about the availability of the parties will be accounted for as much as possible given the Court's current trial and other matters ready for trial. To this end, it was also requested via a separate order that plaintiff's counsel provide updates as appropriate regarding the logistics of plaintiff's parole hearing, which was set to occur on September 12 (but has since been postponed). Since then, plaintiff's counsel have filed daily submissions about logistics.

       Plaintiff's counsel's filing today reflects a stipulated request for a status conference this week "to discuss the setting of this case for trial." As stated, trial may be able to begin as early as August 8, in which case scheduling conflicts in September will not be a problem. Counsel's request ignores, as will be stated again, that as much notice as possible will be provided when

the final trial date is set, and the information provided by counsel about the availability of the parties will be accounted for as much as possible. The Court is no more able to set a final trial date this week than it was last week. If it was, counsel would be notified promptly, as has been stated repeatedly. Thus, a status conference at this point would serve no useful purpose and counsel's request for a status conference is **DENIED**. Nevertheless, the Court thanks plaintiff's counsel for providing updates regarding logistics, and they may continue to do so as appropriate.

Lastly, plaintiff's submission states that "[c]ounsel . . . believes that the order [issuing the writ ad testificandum] was not honored and that [plaintiff] was not given the protection required by the order." Plaintiff's counsel also wants "to discuss with the court methods to gain access to their client while housed at San Quentin." Counsel is notified that if they want to make a motion regarding the State's compliance with the writ ad testificandum, they should file a motion requesting relief.

**IT IS SO ORDERED.**

Dated: July 11, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2