IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN D. VILLA, JR.,

    Plaintiff,

v.

LINDA ROWE and BHAWNA JAIN,

    Defendants.

No. C 07-01436 WHA

**FINAL CHARGE TO THE JURY**

1.

Members of the jury, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2. The exhibits which have been received into evidence;

3. The sworn testimony of witnesses in depositions, read into evidence or played by video; and

4. Any facts to which the lawyers have stipulated here in the courtroom before you. You must treat any stipulated facts as having been conclusively proved.

3.

In reaching your verdict, you may consider only the testimony and exhibits and other items received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements,

closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.

3. Objections by lawyers are not evidence. Lawyers have a duty to their clients to consider objecting when they believe a question is improper under the rules of evidence. You should not be influenced by any question, objection or the Court's ruling on it.

4. Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

5. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

4.

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence. As I have told you, however, the time line previously given you is evidence in and of itself.

5.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence. You should base your decision on all of the evidence regardless of which party presented it.

6.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness' memory;

3. The witness' manner while testifying;

4. The witness' interest in the outcome of the case and any bias or prejudice;

5. Whether other evidence contradicted the witness' testimony;

6. The reasonableness of the witness' testimony in light of all the evidence; and

7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

7.

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have testified on the opposing sides. The test is not the number of witnesses but the convincing force of the evidence.

8.

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

9.

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited. Inability to recall and innocent misrecollection are common. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

10.

In determining what inferences to draw from evidence you may consider, among other things, a party's failure to explain or deny such evidence.

11.

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case. If an expert witness was not present at the events in question, his or her opinion is necessarily based on an assumed set of circumstances. In evaluating the opinion during the trial, you should take into account the extent to which you do agree or do not agree with the circumstances assumed by the expert witness.

12.

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

13.

In these instructions, I will often refer to a party's "burden of proof." Let me explain what that means. When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on that issue. Preponderance of the evidence basically means "more likely than not."

14.

On any claim, if you find that plaintiff carried his burden of proof as to each element of a particular claim, your verdict should be for plaintiff on that claim. If you find that plaintiff did not carry his burden of proof as to each element, you must find against plaintiff on that claim.

15.

I will now turn to the law that applies to this case. I will give you a brief summary of the claims and defenses at issue.

Plaintiff John D. Villa, Jr. claims that each defendant in providing him medical care for a cardiac condition while a prisoner at Pelican State Bay violated his Eighth Amendment rights. Specifically, he claims that for more than one year, defendants Drs. Linda Rowe and Bhawna Jain knowing of plaintiff's need for treatment for a serious medical condition, deliberately disregarded his alleged need by either refusing to treat it or giving him a therapy they knew caused him excruciating pain. Plaintiff seeks damages for the physical pain and suffering caused by each defendant's conduct, for the emotional distress caused by their conduct, as well as an award of punitive damages as a result of their deliberate indifference to his medical condition.

Defendants deny those claims. Defendants assert that they were not deliberately indifferent to any serious medical need of Mr. Villa. They further assert that Mr. Villa suffered no cognizable injuries or damages as a result of any care and treatment rendered to him by defendants.

16.

The issue for you to consider is whether defendants Drs. Linda Rowe and Bhawna Jain were individually deliberately indifferent. They were not responsible for any shortcomings of the prison medical system beyond those matters subject to their own control.

17.

Plaintiff brings his claim under the federal statute 42 U.S.C. 1983, which provides that any person or persons who, under color of law deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party. In order to prevail on his Section 1983 claim against defendants Drs. Linda Rowe and Bhawna Jain, plaintiff must prove, as to each defendant, each of the following elements by a preponderance of the evidence:

    1.    Defendant acted under color of law; and

    2.    The acts or failure to act of defendant deprived plaintiff of his particular

7

rights under the laws of the United States and the United States Constitution as explained below.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that defendants did act under color of law. This is not in dispute. The main question for you to decide is the second element, mainly whether defendants deprived plaintiff of a constitutional right, here alleged to be the Eighth Amendment.

If you find plaintiff has proved each of these elements, and if you find that plaintiff has proved all the elements he is required to prove to show defendants deprived him of his rights under the Eighth Amendment, your verdict should be for plaintiff. If, on the other hand, plaintiff has failed to prove any one or more of these elements, your verdict should be for defendant.

18.

As previously explained, plaintiff has the burden to prove that the acts or failure to act of defendants Drs. Linda Rowe and Bhawna Jain deprived plaintiff of particular rights under the United States Constitution. In this case, plaintiff alleges defendants each deprived him of his rights under the Eighth Amendment to the Constitution.

Under the Eighth Amendment, a prisoner has the right to be free from cruel and unusual punishments. This includes the right to adequate medical care. In order to prove defendant deprived plaintiff of this right, plaintiff must prove all of the following additional elements by a preponderance of the evidence:

1. Plaintiff faced a serious medical need;

2. Defendant was deliberately indifferent to that medical need, that is, defendant knew of it and disregarded it by failing to take reasonable measures to address it; and

3. The acts or failure to act of defendant caused harm to plaintiff. Plaintiff need not show, however, that his harm was substantial.

In determining whether defendant violated plaintiff's rights as alleged, you should give deference to prison officials in the adoption and execution of policies and practices that in their judgment are needed to preserve discipline and to maintain internal security.

19.

As stated, plaintiff must prove deliberate indifference to a medical need. To do so, plaintiff must show by a preponderance of the evidence:

1. A serious medical need by demonstrating that failure to treat plaintiff's condition could result in further significant injury or the unnecessary and wanton infliction of pain; and

2. Defendant's response to the need was deliberately indifferent. This is satisfied by showing a purposeful act or failure by defendant to respond to plaintiff's pain or possible medical need and harm caused by the indifference. Denial, delay, or intentional interference with medical treatment by defendant may constitute indifference. But inadvertent failure to provide adequate medical care alone is not a violation of the Eighth Amendment.

It is up to you to determine whether or not each defendant was deliberately indifferent to plaintiff's medical needs. A finding that defendant's neglect of plaintiff's condition was an isolated occurrence, or an isolated exception to defendant's overall treatment of the prisoner ordinarily militates against a finding of deliberate indifference. On the other hand, a finding that defendant repeatedly failed to treat him properly or that a single failure was egregious strongly suggests that defendant's actions were motivated by deliberate indifference to plaintiff's medical needs. In sum, the more serious the medical needs of plaintiff, and the more unwarranted defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of defendant.

A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to deliberate indifference.

A mere difference of medical opinion is insufficient, as a matter of law, to establish deliberate indifference. To prevail on a claim involving choices between alternative courses of treatment, plaintiff must show that the chosen course of treatment was medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to his health.

If defendant should have been aware of an alleged risk to plaintiff's health, but was not actually aware of the alleged risk to plaintiff's health, then defendant has not violated the Eighth Amendment.

Medical malpractice, by itself, does not constitute cruel and unusual punishment in violation of the Eighth Amendment.

Mere negligence in diagnosing or treating a medical condition, without more, does not constitute cruel and unusual punishment in violation of the Eighth Amendment. To establish deliberate indifference, more is required.

20.

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. The party seeking damages has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff for any injury you find was caused by defendant.

21.

You are not permitted to include speculative damages, which means compensation for future loss or harm which, although possible, is conjectural or not reasonably certain. Your award must be based upon evidence and not upon speculation, guesswork or conjecture. However, if you determine that plaintiff is entitled to recover, you should compensate plaintiff for the loss or harm caused by the injury in question which the evidence shows is reasonably certain to be suffered in the future. You should consider the following:

1. The nature and extent of the injuries; and

2. The mental, physical, emotional pain and suffering experienced and which the evidence shows is reasonably certain to be suffered in the future.

However, plaintiff is only entitled to be compensated for damages for his mental or emotional pain if you find that plaintiff has proven that he has suffered physical injury that is more than *de minimis*. Such physical injury, however, need not be significant.

22.

The law which applies to this case authorizes an award of nominal damages. If you find for plaintiff but you find that plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

23.

If you find for plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish defendants and to deter defendants and others from committing similar acts in the future. You may impose punitive damages against one defendant and not the other, or both, or against neither of them.

Plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by clear and convincing evidence. You may award punitive damages only if you find that defendant's conduct was malicious, or in reckless disregard of plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflects complete indifference to plaintiff's safety, rights, or if defendant acts in the face of a perceived risk that her actions will violate plaintiff's rights under federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on plaintiff.

"Clear and convincing" evidence means evidence of such convincing force that it demonstrates, in contrast to the opposing evidence, a high probability of the truth of the facts for which it is offered as proof. Such evidence requires a higher standard of proof than proof by a preponderance of the evidence.

"Malice" means conduct which was intended to cause injury to plaintiff or despicable conduct which was carried on with a willful and conscious disregard for the rights or safety of others.

"Despicable conduct" is conduct which is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people. A person acts with conscious disregard of the rights or safety of others when he or she is

aware of the probable dangerous consequences of his or her conduct and willfully and deliberately fails to avoid those consequences.

"Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

"Fraud" means an intentional misrepresentation, deceit or concealment of a material fact known to defendant with the intention on the part of defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Whether punitive damages should be imposed, and if so, the amount thereof, is left to your sound discretion, exercised without passion or prejudice. If you decide that punitive damages should be awarded, you will have a short supplemental proceeding immediately following your verdict in order to receive more evidence and argument as to the amount that should be awarded.

24.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each claim and as to damages, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations.

25.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes. When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberations.

26.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

1. All of the exhibits received into evidence;
2. An index of the exhibits;
3. A work copy of these jury instructions for each of you;
4. A work copy of the verdict form for each of you; and
5. An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

27.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

28.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you are going to begin your deliberations, however, you are required to be here from 7:45 A.M. to 4:00 P.M. each day. If you do not reach a verdict by the end of today, then you will resume your deliberations Monday.

29.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

30.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: February 24, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE