IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN DANIEL VILLA JR.,

    Plaintiff,

  v.

LINDA ROWE,

    Defendant.

No. C 07-01436 WHA

**ORDER DENYING PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS**

Plaintiff John Daniel Villa, Jr. brought this civil rights action under Section 1983 against three physicians, alleging deliberate indifference in violation of the Eighth Amendment in providing medical care and treatment to plaintiff while he was incarcerated at Pelican Bay State Prison. The matter went to trial and a jury verdict was rendered against plaintiff. Costs were taxed in favor of defendants. Plaintiff now moves to set aside the costs taxed against him. For the reasons stated below, plaintiff's motion is **DENIED**.

After two motions for summary judgment had been denied and the case was deemed ready to proceed to trial, pro bono counsel was appointed for plaintiff. One defendant, Dr. Linda Swiney, settled with plaintiff prior to trial. Following trial, a jury found in favor of defendants and against plaintiff after several hours of deliberation. The Clerk of the Court taxed costs in the amount of $5,360.25. Plaintiff requests an order relieving him from the obligation to pay costs.

Title 28, Section 1915 of the United States Code addresses proceedings *in forma pauperis*. Under 28 U.S.C. Section 1915(f)(1), "[j]udgment may be rendered for costs at the conclusion of the suit or action *as in other proceedings*[.]" (emphasis added). According to unpublished decisions from this circuit and persuasive precedent from other circuits, the trial court may still exercise its discretion concerning whether to award costs in the first place, given the permissive language of Section 1915(f)(1). *See, e.g., Lampkins v. Thompson*, 337 F.3d 1009, 1017 (8th Cir. 2003).

Under FRCP 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." The rule creates a "presumption for awarding costs to prevailing parties" and thus requires the losing party to show why costs should not be awarded. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). While a court must give specific reasons if it refuses to tax costs to the losing party, it "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Ibid*. A court may consider a variety of factors in deciding whether to award costs, including whether the losing party has limited financial resources and whether an award of costs would "chill" future civil rights litigation. *Stanley v. University of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999). The trial court has "wide discretion" in awarding costs pursuant to FRCP 54(d). *K-S-H Plastics, Inc. v. Carolite, Inc*., 408 F.2d 54, 60 (9th Cir. 1969).

Plaintiff's arguments regarding indigence and the possible chilling effect of assessing costs in this case are insufficient to rebut the presumption in favor of awarding costs. Although plaintiff has or will receive funds pursuant to a settlement with Dr. Swiney, plaintiff — through his counsel — argues that he has "significant expenses coming up" to which he would prefer to apply the funds. These expenses are described as "paying for some of his own costs in this case and for preparing for a parole hearing."

Counsel for plaintiff attached an itemized list of litigation costs in the amount of $55,773.44. In both the opening and reply briefs, counsel for plaintiff claim they have a right to

seek recovery of their litigation costs from plaintiff, their own client. The retainer agreement states that the representation is pro bono, but that counsel is entitled to recover fees and costs "should your case permit." Plaintiff's counsel do not indicate whether the settlement will be sufficient to cover both alleged future expenses. They also make no representation that plaintiff would be able to pay for his parole hearing preparation even if the Court declined to tax costs.

Defendants oppose the motion on the grounds that plaintiff is not indigent and can pay the award using funds from the settlement with Dr. Swiney. Defendants believe this settlement is more than sufficient to cover the taxed costs. Furthermore, they "agree to limit their recovery of costs to a levy of execution on the settlement proceeds alone" (Reply Br. at 2). Defendants additionally contend that an award of costs to defendants would not "chill" valid claims because the Prison Litigation Reform Act establishes a payment scheme providing that any award of costs will be paid through a levy on 20 percent of the inmate's monthly assets above $10. Lastly, defendants assert that plaintiff's civil rights claims were weak or frivolous.

Plaintiff does not dispute that the settlement is sufficient to pay the taxed costs. Moreover, plaintiff's counsel have not provided a persuasive reason why their claim for allowable recovery should trump defendants' presumptive right to recovery of taxable costs. Furthermore, plaintiff has provided no compelling argument as to why imposition of a relatively low amount of costs here will significantly discourage prisoner litigation, especially given that the payment will be limited by and conditioned on receipt of settlement funds.

Imposition of costs in this case does not represent one of the "rare occasion[s] where severe injustice will result from an award of costs." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). The sum of $5,360 at issue is unlikely to "chill" future meritorious civil rights litigation, particularly as the sum will be limited by the amount of any actual settlement money received by plaintiff. It would be inequitable to allow plaintiff to insulate himself entirely from payment of defendants' costs in light of the settlement, which both parties agree should be more than sufficient to satisfy the amount. Pro bono counsel are encouraged to review General Order Number 25 regarding reimbursement of reasonable fees and to submit an application for reasonable costs incurred consistent with that order. Counsel are reminded that

3

1 recoverable costs are limited to those that are reasonably and necessarily spent on reimbursable
2 expenses, and should provide detail sufficient to make such determination.
3     For the reasons stated above, plaintiff's motion for review of the taxation of costs is
4 **DENIED**.

6     **IT IS SO ORDERED.**

8 Dated: September 17, 2012.                                
9                                             WILLIAM ALSUP
                                            UNITED STATES DISTRICT JUDGE